"O"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON MARTINEZ,<br><br>    Plaintiff,<br><br>v.<br><br>JO ANNE B. BARNHART,<br>COMMISSIONER OF THE SOCIAL<br>SECURITY ADMINISTRATION,<br><br>    Defendant. | Case No. EDCV 05-686 AN<br><br>MEMORANDUM AND ORDER |

## I. INTRODUCTION

Pursuant to 42 U.S.C. § 405(g), Plaintiff is seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claim for Supplemental Security Income ("SSI") pursuant to Title XVI of the Social Security Act ("Act"). Both parties have consented to proceed before the undersigned Magistrate Judge. In accordance with the Court's Case Management Order, the parties have filed a joint stipulation and request for an order summarily deciding the issues concerning remand and/or immediate payment of benefits ("JS"). For the reasons stated below, Plaintiff's request for an order remanding the case for further proceedings pursuant to Sentence Four is granted, and the Commissioner's request for an order affirming her final decision is denied.

The relevant background facts are familiar to both parties and Plaintiff has

1  stipulated that the decision of the Administrative Law Judge ("ALJ") fairly and
2  accurately summarizes the hearing testimony and medical evidence in the record except
3  as noted in her contentions.
4        In the JS, Plaintiff contends that the ALJ erred by failing to properly consider: (1)
5  the opinion of Plaintiff's treating physician Roberto Cabugao, M.D.; (2) the opinion of
6  Plaintiff's clinical therapist; (3) the side effects of Plaintiff's medications; (4) Plaintiff's
7  subjective complaints; and (5) lay witness testimony. The Commissioner disagrees.
8        <u>Dr. Cabugao's Opinion</u>
9        Plaintiff has received regular treatment for mental health problems from Dr.
10 Cabugao and other physicians at the San Bernardino County Department of Behavioral
11 Health ("SBCDBH") since September 2003. [Administrative Record ("AR") at 17.]
12 [AR at 294-311, 335-52.] Plaintiff was diagnosed as suffering from major depression,
13 severe and recurrent with psychotic features. [AR at 305, 308, 340.] On September 23,
14 2003, Dr. Cabugao assessed Plaintiff with a Global Assessment of Functioning ("GAF")
15 score of 35, suggesting some impairment in reality testing or communication or a major
16 impairment in several areas of functioning.[1/] [AR at 342.] Similarly, in November 2003,
17 another SBCDBH physician assessed Plaintiff with a GAF score of 40. [AR at 301.]
18 Although Plaintiff had some positive results from medication, her doctors still reported
19 signs of depression and anxiety. [AR at 301, 338, 350-52.] Plaintiff received counseling
20 on a monthly basis and was prescribed medication for depression (Paxil and Effexor).
21 [AR at 38, 335-37.]
22       Although the ALJ found that Plaintiff suffers from depression, the ALJ found that
23 Plaintiff's sole non-exertional limitation was a "depressed mood" that was controlled

---

[1/] The GAF score is taken from the GAF scale, which "is to be rated with respect only to psychological, social, and occupational functioning." Diagnostic and Statistical Manual of Mental Disorders (4th ed.) 32. A GAF score of 31-40 indicates "some impairment in reality testing or communication (e.g., speech is at times illogical, obscure, or irrelevant) OR major impairment in several areas, such as work or school, family relations, judgment, thinking, or mood (e.g., depressed man avoids friends, neglects family, and is unable to work; child frequently beats up younger children, is defiant at home, and is failing at school)." *Id.* at 34.

Page 2

1  with medication. [AR at 17.] The ALJ also stated that Plaintiff's impairment probably
2  did not last for a 12 month period of time. [AR at 17.] In making these findings, the ALJ
3  improperly discounted the findings of Dr. Cabugao and the other SBCDBH doctors. *See*
4  *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1996)(requiring the ALJ to provide specific,
5  legitimate reasons before rejecting a treating physician's opinion). For example, the ALJ
6  stated that the record contained SBCDBH treatment notes dating from September 23,
7  2003 through January 22, 2004. [AR at 18.] The record, however, actually contains
8  treatment notes and records showing that Plaintiff continued to receive regular treatment
9  from SBCDBH through the date of the hearing. [AR at 335-37, 350-52.] The ALJ's
10 suggestion that Plaintiff did not meet the 12 month durational requirement is also
11 unsupported by the medical evidence. [AR at 19.] Although the state agency physician
12 questioned whether Plaintiff satisfied the durational requirement, he reviewed Plaintiff's
13 records in December 2003. [AR at 330.] Thus, the state agency physician had access to
14 only three months of SBCDBH records, which reflected only a portion of Plaintiff's
15 treatment. [AR at 330.] The ALJ also attempted to minimize Plaintiff's mental
16 impairment by noting that Plaintiff saw her psychiatrist only to "refill prescriptions and
17 talk." [AR at 19.] That Plaintiff meets with her doctor once a month to obtain anti-
18 depressant medication and talk about her emotional difficulties and personal problems
19 hardly seems to be a valid basis for rejecting her doctor's opinion. The ALJ also relied
20 on the non-examining medical expert, William Stoltz, Ph.D. who testified that Plaintiff
21 had only moderate restrictions in activities of daily living, mild restrictions in maintaining
22 social functioning, mild difficulties in maintaining concentration, persistence or pace, and
23 no episodes of decompensation of extended duration. [AR at 42.] However, the opinion
24 of a non-examining medical advisor, by itself, does not constitute substantial evidence
25 to warrant the rejection of a treating physician's opinion. *See Morgan v. Commissioner*
26 *of the Social Security Admin.*, 169 F.3d 595, 602 (9th Cir. 1999). Accordingly, the Court
27 finds that remand is appropriate for the Commissioner to re-evaluate whether Plaintiff is
28 disabled within the meaning of the Act, after giving proper consideration to the opinions

of Dr. Cabugao and the other SBCDBH physicians.[2]

### III. CONCLUSION

For the reasons discussed above, the Court finds the ALJ's denial of Plaintiff's claims for benefits is not free of legal error and supported by substantial evidence. Accordingly, Plaintiff's request for an order remanding this case for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g) is GRANTED, and the Commissioner's request for an order affirming the Commissioner's final decision and dismissing the action is DENIED. The clerk shall enter judgment, close the file and terminate all pending motions.

DATED:   May 2, 2006           /s/ Arthur Nakazato
                                ARTHUR NAKAZATO
                                UNITED STATES MAGISTRATE JUDGE

---

[2] Because the ALJ improperly rejected the opinions of Dr. Cabugao and the other SBCDBH physicians without specifying adequate reasons for doing so and the record is not sufficiently developed to support a determination of disability without further proceedings, the Court will not decide whether the remaining issues raised by Plaintiff would independently require reversal. *See Bunnell v. Barnhart*, 336 F.3d 1112, 1115-16 (9th Cir. 2003)(where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate). The Court recommends, however, that the ALJ consider all of Plaintiff's arguments when determining the merits of her case on remand.